

NO. 2004-60-60-393 ~~2004-60-60-393~~ 2004-60/605-393

| | |
|---|---|
| DAVID PRICKETT and JODIE LINTON-PRICKETT<br>Plaintiffs,<br><br>v.<br><br>INFOUSA, INC.,<br>SBC INTERNET SERVICES, and<br>YAHOO!, INC.<br>Defendants. | IN THE DISTRICT COURT<br><br><br>393rd JUDICIAL DISTRICT<br><br><br>DENTON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND DEMAND FOR JURY TRIAL AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME David Prickett and Jodie Linton-Prickett, hereinafter called Plaintiffs, suing in the above entitled and numbered cause, complaining of and against Defendants, *Info*USA, Inc., SBC Internet Services and YAHOO!, Inc., hereinafter called Defendants, and for causes of action show unto the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

Plaintiffs are David Prickett and Jodie Linton-Prickett, husband and wife, whose address is: 1017 Wistria, Savannah, Texas 76227. (formerly residing at 1606 Clarendon Drive, Lewisville, TX 75067). Plaintiffs reside in Denton County, Texas.

Defendant, *info*USA, Inc., is a Nebraska Corporation whose headquarters is located at 5711 S. 86th Circle, Omaha, Nebraska 68127. *Info*USA, Inc. regularly transacts business across the United States, including Texas. Service of said Defendant


EXHIBIT A

will be effectuated through its registered agent: Corporation Service Company, 701 Brazos St., Ste. 1050, Austin, TX 78701.

Defendant SBC Internet Services, Inc. is a Texas Corporation located at 1010 N. St. Mary's St., San Antonio, TX 78215. SBC Internet Services is an Internet Service Provider (ISP) that regularly transacts business in Texas. Service of said Defendant will be effectuated through its registered agent: CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

Defendant YAHOO!, Incorporated, is a California Corporation headquartered at 701 First Avenue, Sunny Vale, California 94089. YAHOO!, Inc. is an Internet Service Provider (ISP) that regularly transacts business in Texas. Service of said Defendant will be effectuated through its registered agent: Corporation Service Company, 701 Brazos St., Ste. 1050, Austin, TX 78701.

## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over the parties because the transactions that form the basis of this suit occurred in Denton County, Texas. This court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over them will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Plaintiffs would show that Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

Venue in Denton County, Texas is proper in this cause because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Denton County.

## FACTS

The subject matter of this suit concerns the erroneous publication over the Internet of Petitioners' personal and private information (name, address and home phone number) on three different websites owned by the respective Defendants named herein. Through no fault of Petitioners, this information was published on all three Defendants' websites. These listings represented the Pricketts as solicitors and purveyors of adult entertainment services. Defendant *info*USA, Inc., which prides itself as "the nation's biggest sales lead and mailing list company," published the Pricketts' private information between the following listings: 'Adult Video Megaplexxx' and 'Pink Planets.' *Info*USA, Inc. sets forth its verification policy on their website (infousa.com). None of the Pricketts' contact information was verified in accordance with this policy. In addition, an interactive map to the Prickett residence was publicly provided on the YAHOO! webpage.

In June 2003, the Pricketts began to receive alarming phone calls from strangers at their home. These calls were sexually explicit in nature and directed towards Mr. Prickett's wife and children. Some of them were harassing and even life threatening. Several calls answered by Mrs. Prickett entailed the following verbal attacks: "You whore;" "Saw you on the Internet...;" "I'm going to kill you." The phone calls were constant and continuous and the Pricketts endured this type of verbal harassment,

lewdness and nuisance up until the Pricketts decided to change their home phone number in August of that year.

During the month of August 2003, repeatedly and throughout all hours of the night, the Prickett family was constantly bombarded with strangers showing up at their residence, which at that time was located at 1606 Clarendon Drive, Lewisville, Texas 75067. On several occasions, they reported to the police a constant and continuous stream of people trespassing upon their property. Along with invasion of privacy, safety was of paramount concern to the Pricketts, especially for the sake of their children. On one occasion, late at night, a drunken man was seen urinating in their front yard. Neighbors witnessed these events and are willing to testify that no such activity took place at the Prickett home or in their neighborhood prior to this time.

As a natural and reasonably foreseeable result of the above, Mr. and Mrs. Prickett were anonymously reported to Child Protective Services (CPS) (presumably by one or more of the many neighbors witnessing the unwelcome and unsavory traffic to the Prickett residence). CPS investigated and interviewed Mr. Prickett, his wife and his two young children. They asked highly uncomfortable, embarrassing and appalling questions that focused on adult activities; lewd acts; filming of sex acts in front of the children; and the encouragement of minor alcohol consumption. The children were subjected to and witnesses to these questions and conversations. The investigation also included the removal of their teenage son from class at school in front of his teacher and peers, followed by yet another uncomfortable, stressful and embarrassing interview. The CPS investigation resulted in no further action on their part as no evidence of deviance or unfit

parentage existed, notwithstanding the fact that the investigation itself suggested otherwise.

The Prickett family has suffered damage, evidenced by injury to their standing in the community due to neighbors who either witnessed or heard about strangers visiting the Prickett home, as well as peers, teachers and staff at their children's schools.

Plaintiffs' suffered immediate devastation to their personal and business reputations as well as emotional well-being. They have not engaged in any lewd behavior and never initiated contact with any of these companies until after they were made aware of these publications. They have suffered substantial emotional and economic damages from the flagrant misconduct and gross negligence of these companies. In effort to deal with the mental anguish and trauma associated with the long-term effects of this experience, Mrs. Prickett has sought medical attention, counseling and prescription medication. In order to alleviate some of the disruption and stress ever-present in their daily lives, the Pricketts were forced to sell their home and incur a loss of property value of $36,000.00. The Pricketts continue to receive a barrage of unwelcome solicitations via U.S. Mail as a result of these Internet listings.

## COUNT I – DEFAMATION

1. Plaintiffs incorporate by reference the facts set forth above as if fully contained herein.
2. Defendants published a statement of fact;
3. The statement referred to the Plaintiffs;
4. The statement was defamatory;
5. The statement was false;

6. With regard to the truth of the statement, the Defendants were (1) acting with actual malice; (2) negligent; or (3) liable without regard to fault; and

7. The Plaintiffs suffered pecuniary injury.

### COUNT II – DEFAMATION
(Libel Per Se)

1. Plaintiffs incorporate by reference the facts set forth above as if fully contained herein.

2. Defendants published a statement of fact;

3. The statement referred to the Plaintiffs;

4. The statement was defamatory and injurious to Plaintiffs' reputation.

5. The statement exposed Plaintiffs to pubic contempt and ridicule.

6. The statement imputed sexual misconduct on the part of Plaintiffs.

7. The statement was false.

8. With regard to the truth of the statement, the Defendants were (1) acting with actual malice; (2) negligent; or (3) liable without regard to fault; and

9. The Plaintiffs suffered pecuniary injury.

### COUNT III – INVASION OF PRIVACY
(Intrusion on Seclusion)

1. Plaintiffs incorporate by reference the facts set forth above as if fully contained herein.

2. Defendants acted intentionally, if not negligently in causing serious and substantial intrusion on Plaintiffs' solitude, seclusion, or private affairs.

3. The intrusion would be highly offensive to a reasonable person; and

4. The plaintiffs suffered an injury as a result of the Defendants' intrusion.

## COUNT IV – INVASION OF PRIVACY
### (Public Disclosure of Private Facts)

1. Plaintiffs incorporate by reference the facts set forth above as if fully contained herein.

2. Defendants publicized personal, private information about the Plaintiffs.

3. The publicity would be highly offensive to a reasonable person;

4. The matter publicized is not of legitimate public concern; and

5. The Plaintiffs suffered an injury as a result of Defendants' disclosures.

## COUNT V – TRESPASS TO REAL PROPERTY

1. Plaintiffs incorporate by reference the facts set forth above as if fully contained herein.

2. Plaintiffs owned or had a lawful right to possess real property;

3. Defendants, through their agents, independent contractors and/or third persons, entered Plaintiffs' land, and the entry was physical, intentional and voluntary.

4. The Defendants' trespass caused injury to Plaintiffs' right of possession.

## COUNT VI – PRIVATE NUISANCE

1. Plaintiffs incorporate by reference the facts set forth above as if fully contained herein.

2. Plaintiffs had a private interest in land.

3. Defendants interfered with or invaded Plaintiffs' interest by conduct that was negligent, intentional and unreasonable, or abnormal and out of place in its surroundings.

4. The Defendants' conduct resulted in a condition that substantially interfered with the Plaintiffs' private use and enjoyment of the land; and

5. The nuisance caused injury to the Plaintiffs.

## COUNT VII – NEGLIGENCE

1. Plaintiffs incorporate by reference the facts set forth above as if fully contained herein.

2. Defendants' owed a legal duty of ordinary or reasonable care to Plaintiffs.

3. Defendants breached the duty; and

4. The breach proximately caused the Plaintiffs' injury.

## COUNT VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRSS

1. Defendants acted intentionally or recklessly;

2. Defendants' conduct was extreme and outrageous;

3. Defendants' conduct proximately caused the Plaintiffs emotional distress; and

4. The emotional distress suffered by the Plaintiffs was severe.

## ACTUAL DAMAGES

Plaintiffs sustained the following actual damages as a result of the actions and/or omissions of Defendants described herein above, including, but not limited to:

   A. Cost incurred as a result of Jodie Linton-Prickett's counseling and care of a doctor who medicates her to help her control the extreme anxiety and mental anguish caused by Defendants;

   B. The loss of reputation sustained by Plaintiffs because of Defendants' actions and/or omissions;

   C. Plaintiffs' emotional distress and mental anguish suffered due to Defendants actions and/or omissions;

   D. Diminished or reduced market value of Plaintiffs' property;

   E. Plaintiffs' loss profits as a result of selling Plaintiff's home;

   F. Expenses incurred as a result of selling Plaintiffs' home;

    G.    Expenses incurred as a result of Plaintiffs' moving;

    H.    Lost compensation and earnings by Plaintiffs.

Said damages fall within the minimum jurisdiction of this Court.

## ATTORNEYS' FEES

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by common law.

## EXEMPLARY DAMAGES

Plaintiffs would further show that the acts of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention causing severe emotional turmoil and financial loss to Plaintiffs. In order to punish said Defendants for such recklessness and unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs seeks recovery from Defendants for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code.

## DEMAND FOR JURY

Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## REQUESTS FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in RULE 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein, David Prickett and Jodie Linton-Prickett, respectfully pray that Defendants infoUSA, Inc., SBC Internet Services, Inc., and YAHOO! be cited to appear and answer herein, and that upon a final hearing of the cause, Judgment be entered for the Plaintiffs against Defendants for the actual damages requested herein above, jointly and severally, in an amount in excess of the minimum jurisdictional limits of the Court, exemplary damages, prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity, whether pled or unpled; and

B.  Any other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

The Zisman Law Firm, P.C.

By: _____
Holly C. Fairhurst
State Bar No. 24003651
Barry S. Zisman
State Bar No. 22279350
Holly E. Fuller
State Bar No. 1518250
The Zisman Law Firm, P.C.
1412 Main Street
Twenty-Third Floor
Dallas, Texas 75202
Tel. (214)745-1300
Fax. (214)720-0748
Attorneys for Plaintiffs

# VERIFICATION

STATE OF TEXAS §
§
COUNTY OF DALLAS §

On this day *Holly C Fairhurst* personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that she is the attorney of record for Plaintiffs in this action; that she has read the above petition; and that every statement contained in the petition is within his personal knowledge and is true and correct.

_____
Holly C. Fairhurst

SUBSCRIBED AND SWORN TO BEFORE ME on __December 2__, 2004.

BRET THURMAN
Notary Public, State of Texas
My Commission Expires
June 20, 2007

_____
Notary Public in and for
The State of Texas

My commission expires: 06/20/2007